```
                IN THE UNITED STATES DISTRICT COURT

                    FOR THE DISTRICT OF HAWAII

RUPERT N. KAMA and DIANA L.   )   CIVIL NO. 10-00681 LEK-KSC
KAMA,                         )
                              )
          Plaintiffs,         )
                              )
     vs.                      )
                              )
FEDERAL NATIONAL MORTGAGE     )
ASSOCIATION; BANK OF AMERICA  )
N.A. AS SUCCESSOR TO          )
COUNTRYWIDE HOME LOANS, INC.; )
BAC HOME LOAN SERVICING, LP,  )
AS SUCCESSOR TO COUNTRYWIDE   )
HOME LOAN SERVICING, LP;      )
MERSCORP, INC.; MORTGAGE      )
ELECTRONIC REGISTRATION       )
SYSTEM, INC; and JOHN DOES 1- )
50, inclusive,                )
                              )
          Defendants.         )
_____ )
```

ORDER REGARDING PLAINTIFFS' FIRST AMENDED COMPLAINT
AND DEFENDANTS' MOTION TO DISMISS COMPLAINT

Plaintiffs Rupert N. Kama and Diana L. Kama (collectively, "Plaintiffs") filed their original Complaint on November 17, 2010. Defendants Bank of America, N.A., BAC Home Loans Servicing, LP, MERSCORP, Inc., and Mortgage Electronic Registration Systems, Inc. (collectively, "Defendants") filed their Motion to Dismiss ("Motion") on February 4, 2011. Defendants also served the Motion on Plaintiffs on that date. On April 4, 2011, Plaintiffs filed their First Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(1)(A) and Local Rule 10.3. [Dkt. no. 22 at 1-2.]

> Fed. R. Civ. P. 15(a) states, in pertinent part:
>
> (1) Amending as a Matter of Course.  A party may amend its pleading once as a matter of course within:
> > (A) 21 days after serving it, or
> > (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) Other Amendments.  In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.

Thus, pursuant to Rule 15(a)(1)(B), Plaintiffs had twenty-one days after February 4, 2011 to amend their Complaint "once as a matter of course[.]"  Insofar as Plaintiffs failed to amend their Complaint within twenty-one days after Defendants served Plaintiffs with the Motion, Plaintiffs could not amend their Complaint without either Defendants' written consent or leave of court.  See Fed. R. Civ. P. 15(a)(2).  Plaintiffs did not obtain leave of court, and there is no indication in the record that Plaintiffs obtained Defendants' written consent.  The Court therefore STRIKES Plaintiffs' First Amended Complaint, filed April 4, 2011.

The Court also notes that Plaintiffs have not responded to Defendants' Motion.  The Motion is currently set for hearing on April 25, 2011.  Any memorandum in opposition was therefore due on April 4, 2011.  See Local Rule LR7.4.  It appears that Plaintiffs may have believed that, in light of their filing of

2

the First Amended Complaint, they did not need to respond to Defendants' Motion.  If so, Plaintiffs are mistaken.  Particularly in light of the fact that the Court has stricken Plaintiffs' First Amended Complaint, Plaintiffs must respond to Defendants' Motion.  The Court therefore CONTINUES the hearing on Defendants' Motion to **Wednesday, May 11, 2011 at 9:45 a.m.**  Plaintiffs' memorandum in opposition to Defendants' Motion is due by no later than **Tuesday, April 12, 2011**.  Defendants' optional reply is due by no later than **Tuesday, April 19, 2011**.

      The Court CAUTIONS Plaintiffs that, if they fail to file their memorandum in opposition by April 12, 2011, this Court will vacate the hearing on Defendants' Motion and grant the Motion on the ground that it is unopposed.

      Finally, to assist the parties and counsel, the Court notes that a plaintiff's amendment of his complaint can sometimes resolve the issues in a defendant's motion to dismiss.  Parties can, for example, stipulate that the defendant will withdraw the motion to dismiss and consent to the filing of an amended complaint.  After the plaintiff files his amended complaint, the defendant can file a motion to dismiss, or other dispositive motion, focusing on the remaining claims and issues in the amended complaint.  The plaintiff cannot, however, file an untimely amended complaint and assume that the Court will construe it as a form of opposition to the pending motion to

dismiss.

## CONCLUSION

On the basis of the foregoing, Plaintiffs' First Amended Complaint, filed April 4, 2011, is HEREBY STRICKEN. The hearing on Defendants' Motion to Dismiss, filed February 4, 2011, is HEREBY CONTINUED to **Wednesday, May 11, 2011 at 9:45 a.m.** Plaintiffs' memorandum in opposition is due by no later than **Tuesday, April 12, 2011**, and Defendants' optional reply is due by no later than **Tuesday, April 19, 2011**.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, April 5, 2011.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**RUPERT N. KAMA, ET AL. V. FEDERAL NATIONAL MORTGAGE ASSOCIATION, ET AL.; CIVIL NO. 10-00681 LEK-KSC; ORDER REGARDING PLAINTIFFS' FIRST AMENDED COMPLAINT AND DEFENDANTS' MOTION TO DISMISS COMPLAINT**